IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–03451–RMR–KMT

KEVIN BELLINGER,

    Plaintiff,

v.

ANDRE MATEVOUSIAN, and
B. TRUE,

    Defendants.

## ORDER

Before the court is Plaintiff's "Motion for Appointment of Counsel" (Doc. No. 28), filed on July 12, 2021.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of

counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Plaintiff, a *pro se* inmate litigant,[1] brings this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging the defendants unlawfully encumbered two deposits in Plaintiff's prison trust account in violation of his rights

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

to due process and to be free from retaliation. (Doc. No. at 9-15). Plaintiff seeks declaratory and injunctive relief as well as the "costs in this suit." (*Id.* at 20-21.)

In support of his request for the appointment of counsel, Plaintiff states that he is unable to afford counsel, has only a tenth-grade education and a limited understanding of the law, the issues involve both legal and procedural complexities, and, due to his incarceration at the United States Federal Penitentiary—Administrative Maximum, he has restricted access to legal resources to assist with his case. (Doc. No. 28 at 1-2.) Plaintiff's claims are neither novel, nor complex, and Plaintiff has relayed the substance of his claims effectively thus far. Moreover, Plaintiff does not specifically address the potential merit of his claims, or any efforts he has undertaken to retain an attorney by other means. *See* D.C.COLO.LAttyR 15(f)(1)(B). Although Plaintiff expresses concern about his ability to litigate this case while incarcerated, his inmate status alone does not entitle him to appointed counsel. *See Williams v. Ezell*, 534 F. App'x 699, 703 (10th Cir. 2013); *Griffin v. Ortiz*, 286 F. App'x 538, 541 (10th Cir. 2008). In addition, the court does not see any benefit that it may derive from the assistance of appointed counsel. On balance, therefore, the court does not find the appointment of counsel to be warranted.

Accordingly, it is

**ORDERED** that the "Motion for Appointment of Counsel" (Doc. No. 28) is **DENIED**.

Dated this 11th day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

3