IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03451-RMR-STV

KEVIN BELLINGER,

    Plaintiff,

v.

B. TRUE, and
ANDRE MATEVOUSIAN,

    Defendants.

## DEFENDANTS' PARTIAL OBJECTION TO RECOMMENDATION (ECF NO. 32)

Defendants B. True and Andre Matevousian, in their official capacities, hereby submit their partial objection to Magistrate Judge Tafoya's Recommendation, ECF No. 32, regarding Defendants' Motion to Dismiss Amended Complaint, ECF No. 25.

### BACKGROUND

Plaintiff Kevin Bellinger is a federal inmate incarcerated in the United States Federal Penitentiary—Administrative Maximum ("ADX") in Florence, Colorado. In this lawsuit, Plaintiff alleges that in 2018 and 2019, former Florence Correctional Complex ("FCC") Warden Andre Matevousian improperly imposed four encumbrances on his "Inmate Deposit Fund Account" ("inmate account"), in violation of the First and Fifth Amendments. ECF No. 9 ¶¶ 2, 20, 40. An encumbrance is essentially a "hold" on some portion of an inmate's available balance in his inmate account. *Id.* ¶ 17.

Defendants moved to dismiss the Amended Complaint in its entirety pursuant to Fed. R.

Civ. P. 12(b)(1) and 12(b)(6). *See* ECF No. 25. In sum, they argued that Plaintiff's challenges to two of the four encumbrances should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of standing, as these encumbrances had been lifted from Plaintiff's account nearly a year before this lawsuit was filed, and were imposed pursuant to a practice that was discontinued at the ADX in late 2019. *See id.* at 4-7. Regarding the two remaining encumbrances, Defendants argued that Plaintiff failed to state a claim under the First or Fifth Amendments. *See id.* at 7-15. Plaintiff did not respond to the motion to dismiss.

Magistrate Judge Tafoya issued a Recommendation on Defendants' motion analyzing each of Plaintiff's claims and concluding that all but one of those claims should be dismissed. *See* ECF No. 32. The single claim Magistrate Judge Tafoya recommended should proceed is an official-capacity First Amendment retaliation claim against Defendant Matevousian. In this claim, Plaintiff alleges that Defendant Matevousian "retaliated" against Plaintiff for his complaints about a previous encumbrance by imposing a new $150 encumbrance in October 2018. *See* ECF No. 9 ¶¶ 22-29. Regarding this single claim, Magistrate Judge Tafoya found that Plaintiff stated a plausible claim for relief. *See* ECF No. 32 at 14.

This is the only aspect of the recommendation to which Defendants object. On this claim, the Magistrate Judge erred in concluding that Plaintiff stated a plausible claim. Contrary to the Magistrate Judge's conclusion, Plaintiff failed to include facts giving rise to a reasonable inference that the $150 encumbrance was substantially motivated as a response to Plaintiff's previous complaints. Accordingly, the Court should overrule this portion of the Magistrate Judge's Recommendation. The remainder of the Recommendation is correct and should be adopted by the Court in full.

# ARGUMENT

## I. Legal Standards

Under Fed. R. Civ. P. 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). First, the Court must determine which allegations are not entitled to the assumption of truth—namely, mere conclusory statements. *Iqbal*, 556 U.S. at 678. Legal conclusions likewise need not be considered. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555). Second, the Court must consider the well-pleaded facts to determine whether the complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 679. The plausibility standard requires more than a "sheer possibility" the defendant violated the law. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal quotation marks and citations omitted). The complaint must also contain plausible factual allegations respecting all material elements sufficient to "raise a right to relief above the speculative level." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## II. Plaintiff's allegations do not state a plausible First Amendment retaliation claim against Defendant Matevousian.

As explained in Defendants' Motion to Dismiss, to state a claim for First Amendment

3

retaliation, Plaintiff must allege facts plausibly showing that he: (1) was engaged in constitutionally protected activity; (2) that the defendant's actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to Plaintiff's exercise of constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

"The third element 'requires the plaintiff to allege specific facts that, if credited, establish that *but for* the defendant's improper retaliatory motive the incidents to which he refers … would not have taken place.'" *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2020 WL 2812724, at *4 (D. Colo. Apr. 27, 2020) (quoting *Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012)) (emphasis added). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019); *see also Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) ("[P]laintiffs must rather allege specific facts showing retaliation *because of* the exercise of the prisoner's constitutional rights.") (emphasis added). And, although "temporal proximity" is a relevant factor in assessing the third element, *Gee,* 627 F.3d at 1189, "temporal proximity between [protected activity] and the alleged retaliatory conduct, without more, does not allow for an inference of retaliatory motive." *Trant v. Oklahoma*, 754 F.3d 1158, 1170 (10th Cir. 2014).

Here, Plaintiff makes the following allegations to support his claim for First Amendment retaliation: (1) on October 3, 2018, Plaintiff received a notice of a $675 encumbrance on his inmate account that he believed was improperly applied, ECF No. 9 ¶¶ 20-22; (2) "days later," Plaintiff attempted to advise Defendant Matevouisan that this encumbrance was applied in error,

4

but Defendant Matevousian "cut plaintiff off and curtly stated 'complaining is only going to make it worse," *id.* ¶ 22; (3) between October 10, 2018, and October 26, 2018, Plaintiff made complaints about the encumbrance to various entities and individuals outside the prison, *id.* ¶¶ 23-25; (4) between October 29, 2018, and November 2, 2018, Plaintiff "briefly spoke with Defendant Matevousian, and again tried to explain how the … encumbrance was in error," to which Defendant Matevousian responded, "you're wasting my time," *id.* ¶ 26; and (5) Plaintiff subsequently received notice of a different ($150) encumbrance, dated October 31, 2018, due to "multiple inmates receiving funds from same contact," *id.* ¶ 28. Plaintiff alleges that before this time, he had never had funds encumbered for this specific reason, and that his "authorized family and friend contacts ha[d] *never* deposited funds into the account of any other inmate housed at FCC Florence ADX." *Id.* ¶ 31 (emphasis in original).

These allegations fall short of stating a plausible claim for relief. To support his claim, Plaintiff must allege "specific facts" showing that *but for* a retaliatory motive, the encumbrance would not have been imposed. *See Thomas*, 2020 WL 2812724 at *4 (emphasis added). Here, Plaintiff does not allege facts plausibly showing that his complaints were causally related to the $150 encumbrance, let alone that they were the "but-for" cause of the encumbrance.

First, Plaintiff does not allege facts showing that Defendant Matevousian was aware of his complaints to outside parties. Although Plaintiff states that he spoke to Defendant Matevousian about the encumbrance at some point "between October 29, 2018, and November 2, 2018" (the only time he spoke to Defendant Matevousian *after* complaining to his attorney and others about the encumbrance), he does not specifically allege that he discussed these complaints with Defendant Matevousian during that conversation, or that Defendant Matevousian was

5

otherwise aware of the content of those complaints. *See generally id.* Plaintiff also does not allege that this conversation occurred before the new October 31, 2018, encumbrance was instituted. *See generally* ECF No. 9.

Second, Plaintiff acknowledges that after he discussed the $675 encumbrance with Defendant Matevousian, Defendant Matevousian lifted the encumbrance. *See id.* ¶ 27. That Defendant Matevousian responded to Plaintiff's complaint and provided Plaintiff the relief he sought weighs against Plaintiff's allegation of a retaliatory motive.

Finally, Plaintiff does not allege facts showing that the encumbrance was otherwise improper or retaliatory. As Plaintiff notes, he was advised that the BOP was encumbering the $150 deposit because the individual who made the deposit had also deposited funds into other inmate accounts, resulting in the deposit being flagged by institution security staff. *See id.* ¶ 28. He does not allege facts plausibly showing that this rationale was, as he contends, a "false pretext." *Id.* ¶ 27. For example, he does not allege that this deposit was actually made by an authorized contact—to the contrary, the facts show that when deposits *were* made by authorized contacts, Plaintiff was advised which individuals were making the deposits. *See id.* ¶¶ 30, 40. On these facts, and without additional detail plausibly showing that his complaints were the "but for" cause of the $150 encumbrance, Plaintiff cannot nudge his claim that the encumbrance was "retaliatory" from the "conceivable" to the "plausible." *See, e.g.*, *Twombly*, 550 U.S. at 547 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). The claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court overrule the Magistrate Judge's Recommendation with respect to Plaintiff's First Amendment retaliation claim against Defendant Matevousian based on the October 31, 2018, encumbrance, adopt the remainder of the Recommendation in its entirety, and dismiss Plaintiff's Amended Complaint.

Dated February 3, 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/ Lauren Dickey*
Lauren Dickey
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, CO 80202
Tel. (303) 454-0188
Fax (303) 454-0411
Lauren.Dickey2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and directed personnel in the United States Attorney's Office to serve the foregoing document and the unpublished cases cited therein on the following non-CM/ECF participant by U.S. mail:

Kevin Bellinger
Register No. 03532-007
Florence ADMAX
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 8500
Florence, CO 81226
Pro Se Plaintiff

*s/ Lauren Dickey*
Lauren Dickey
Assistant United States Attorney
United States Attorney's Office