IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-03451-RMR-STV

KEVIN BELLINGER,

    Plaintiff,

v.

B. TRUE and
ANDRE MATEVOUSIAN,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya, ECF No. 32, entered January 20, 2022, addressing Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 25, filed May 25, 2021. Magistrate Judge Kathleen M. Tafoya recommends that the Motion to Dismiss be granted in part and denied in part. ECF No. 32 at 16. In particular, Magistrate Judge Tafoya recommends granting the Motion to Dismiss as to all of Plaintiff's claims, except his claim for First Amendment Retaliation, alleging that an encumbrance[1] of $150 on Plaintiff's Inmate Deposit Fund Account ("inmate account"), of which Plaintiff received notice in November of 2018, was imposed in retaliation for Plaintiff's complaints and attempts to

---

[1] "An encumbrance is essentially a 'hold' on some portion of an inmate's available balance in his inmate account." ECF No. 34 at 1 (citing ECF No. 9 ¶ 17).

advise Defendant Andre Matevousian that a prior encumbrance of $675, of which Plaintiff received notice in October of 2018, was placed on his account in error. *Id.* at 13–16; *see also* ECF No. 9 ¶¶ 21, 28.

On February 3, 2022, Defendants timely filed their Partial Objection to Recommendation, ECF No. 34, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). Magistrate Judge Tafoya's recommendation that Defendants' Motion to Dismiss be denied as to the First Amendment Retaliation claim described above is "the only aspect of the recommendation to which Defendants object." ECF No. 34 at 2. No other objections to the Recommendation have been filed.

The Court has received and considered the Recommendation, along with the record and Defendants' Objection. After de novo consideration, the Court OVERRULES Defendants' Objection, ECF No. 34; ADOPTS the Recommendation, ECF No. 32; and incorporates the Recommendation by reference. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Accordingly, Defendants' Motion to Dismiss, ECF No. 25, is GRANTED IN PART and DENIED IN PART.

## I.     LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 626(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district

judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *see United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

## II.     ANALYSIS

The Recommendation sets forth the factual background and procedural history of the case, and that background is incorporated by reference here.  *See* ECF No. 32 at 1–3; 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Having received and considered de novo the Recommendation, ECF No. 32, along with the record and Defendants' Objections, ECF No. 34, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standards.

As stated, the only aspect of the Recommendation to which Defendants object is the portion that denies dismissal of Plaintiff's First Amendment Retaliation claim that a $150 encumbrance was placed on his inmate account in retaliation for his complaints to Defendant Matevousian and attempts to inform Defendant Matevousian that a prior $675 encumbrance was placed on his inmate account in error.  ECF No. 34 at 2.  Defendants argue that Plaintiff "failed to include facts giving rise to a reasonable inference that the $150 encumbrance was substantially motivated as a response to Plaintiff's previous complaints."  *Id.*  In particular, they argue that "[t]o support his claim, Plaintiff must allege 'specific facts' showing that *but for* a retaliatory motive, the encumbrance would not have

been imposed." *Id.* at 5 (emphasis in original) (quoting *Thomas v. Rogers*, No. 19-cv-01612, 2020 WL 2812724, at *4 (D. Colo. Apr. 27, 2020)).

However, for the reasons stated in the Recommendation, for purposes of the motion to dismiss stage, Plaintiff's Amended Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" that is, it allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, the Court must "construe[] [the factual allegations] in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). As noted in the Recommendation, Plaintiff alleges that, days after receiving notice of the $675 encumbrance on his inmate account, he attempted to advise Defendant Matevousian that the encumbrance was placed in error, but Defendant Matevousian cut Plaintiff off and curtly stated that "complaining is only going to make it worse." ECF No. 32 at 14 (quoting ECF No. 9 ¶ 22). Plaintiff further alleges that a new $150 encumbrance was imposed close in time to his complaints to Defendant Matevousian. *Id.* (citing ECF No. 9 ¶¶ 21–28). The Court agrees with the Recommendation that Plaintiff's allegations in his Amended Complaint, accepted as true, are sufficient to raise an inference of retaliation at this stage.

Defendants' arguments in their Objection are unavailing. First, whether Defendant Matevousian knew that Plaintiff also complained to outside parties about the $675 encumbrance does not undermine an inference that it is plausible that Defendant Matevousian placed a $150 encumbrance on Plaintiff's account in retaliation for Plaintiff's complaints. *See* ECF No. 34 at 5–6. Neither does the timing of any of the complaints

4

that Plaintiff allegedly made to outside parties. *Id.* Second, the fact that the $675 encumbrance was subsequently lifted does not preclude a plausible inference that the $150 encumbrance was retaliatory. *Id.* at 6.

Third, Defendants argue that Plaintiff does not allege facts plausibly showing that the reason given by Defendant Matevousian for the $150 encumbrance was a false pretext. *Id.* However, although Defendant Matevousian told Plaintiff that the $150 encumbrance was placed because of "'[m]ultiple inmates receiving funds from same contact,'" Plaintiff alleges that during his "18 years of incarceration in the BOP, he has received all deposited funds into his account from the same authorized family, and friends, who have always made the deposits in accordance with BOP rules, regulations, and procedures." ECF No. 9 ¶¶ 28, 30. Plaintiff also alleges that he "was not advised of which contact(s) were responsible for the alleged deposit(s)," or of "when the alleged deposit(s) occurred, or how the deposits were allegedly made." *Id.* ¶ 29. "[C]onstru[ing] [the factual allegations] in the light most favorable to the plaintiff," the Court finds that the Amended Complaint fulfills its burden at this stage to "state a claim to relief that is plausible on its face" and that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678; *Hall*, 935 F.2d at 1109. The Court therefore ACCEPTS and ADOPTS the Recommendation and DENIES Defendants' motion to dismiss as to Plaintiff's First Amendment retaliation claim regarding the November 2018 $150 encumbrance.

### III.     CONCLUSION

For the reasons stated above, it is

ORDERED that Defendants' Objection, ECF No. 34, is OVERRULED; it is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge, ECF No. 32, is ACCEPTED and ADOPTED; it is

FURTHER ORDERED that Defendants' Motion to Dismiss, ECF No. 25, is GRANTED IN PART and DENIED IN PART; accordingly, it is

FURTHER ORDERED that Plaintiff's claims regarding the September 2018 and February 3, 2019 encumbrances are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; it is

FURTHER ORDERED that Plaintiff's due process claims are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted; it is

FURTHER ORDERED that Plaintiff's retaliation claim regarding the August 1, 2019 encumbrance is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted; it is

FURTHER ORDERED that Plaintiff's individual-capacity claims against Defendant Matevousian are DISMISSED WITHOUT PREJUDICE; it is

FURTHER ORDERED that Defendants' motion to dismiss the retaliation claim regarding the November 2018 $150 encumbrance is DENIED; and it is

FURTHER ORDERED that a copy of this Order shall be sent to the following by legal mail:

Kevin Bellinger
#03532-007
Florence ADMAX
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 8500
Florence, CO 81226

DATED:  March 21, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

7